IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| Alba Lydia Montalvo Vargas, Miguel Ramirez Alcover and the conjugal society formed by both<br><br>Plaintiffs<br><br>v.<br><br>Supermercado Mr. Special, Inc.; Chubb Insurance Company of Puerto Rico<br><br>Defendants | Civil no.<br><br>Plaintiffs Demand Trial by Jury |
|---|---|

**COMPLAINT**

TO THE HONORABLE COURT:

**Come now** the Plaintiffs, Alba Lydia Montalvo Vargas, Miguel Ramirez Alcover, and the conjugal society formed by both through the undersigned attorneys, and before this Honorable Court respectfully allege and pray as follows:

## I. THE PARTIES

1. Plaintiffs, **Alba Lydia Montalvo Vargas, Miguel Ramirez Alcover,** are of legal age, married to each other and are domiciled in the State of Florida.

2. Alba Lydia Montalvo (hereinafter Mrs. Montalvo) and Miguel Ramirez Alcover (hereinafter Mr. Ramirez) are the members of the Ramirez Montalvo conjugal society.

3. Co Defendant, **Supermercado Mr. Special, Inc.** is a for profit corporation duly registered in the Commonwealth of Puerto Rico, with principal offices located in Puerto Rico, that owns, operates and maintains a commercial retail establishment in the town of Aguada that operates under the name Supermercado Mr. Special.

4. By information and belief co defendant **Chubb Insurance Company of Puerto Rico**, is an insurance company with principal offices located in Puerto Rico that at the time of the accident described in this complaint had issued and had in full force and effect, an insurance policy to cover the legal liability for accidents caused by the negligence of the defendant and its employee.

## II. JURISDICTION

5. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332 (a) (1) be*cause this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue if this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto

Rico.

## III. TOLLING OF THE STATUTE OF LIMITATIONS

9. The accident that gives origin to the present case occurred on May 12th, 2022, in Aguada, Puerto Rico, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling the complaint, the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico.

## IV. THE FACTS AND THE DAMAGES

10. Mrs. Montalvo was with her husband at the Supermercado Mr. Special store of Aguada, near the cash register around 1PM, on May 12th, 2022.

11. As Mrs. Montalvo was standing in line near one of the store's cash registers, an employee of the defendant carrying various boxes carelessly struck Mrs. Montalvo in her back with said boxes.

12. Mrs. Montalvo at the moment of impact suffered intense pain and a tingling sensation in her entire back.

13. She proceeded to report the accident and received initial medical treatment in Puerto Rico.

14. Upon her return to her home in the State of Florida, and due to the constant pain and spasms in different parts of her

back, she received further medical treatment, therapies, and injections to block the pain, particularly in her lumbar area.

15. As a result of the accident caused by the negligence of defendant and one its employees, Mrs. Vargas suffered serious damages that still affect her to this date and damages that have also exacerbated certain back conditions that plaintiff was suffering from prior to the accident.

16. She is unable to carry out may activities and pleasures of life that she was able to participate in prior to the accident. She is in constant pain. Due to the paint, she has difficulty sleeping and taking care of her and her home. This has also affected her relationship with her husband.

17. The value of all her damages for injuries, past, present and future, and mental anguish, to include loss of enjoyment of life and permanent impairments is estimated in a sum in excess of **THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00)**, a sum that is owed by the defendants to Mrs. Montalvo.

18. As a result of the accident suffered by Mrs. Montalvo, Mr. Ramirez who was also present at the store suffered damages.

19. Mr. Ramirez noticing his wife in extreme pain, proceeded to take his wife to receive medical treatments both in Puerto Rico and later, in the State of Florida.

20. He is very worried for his wife and suffers at noticing his wife in pain and this has also affected his relationship with her.

21. The value of Mr. Ramirez's damages as a result of mental anguish and loss of enjoyment of life is estimated in a sum in excess of **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)**

22. Due to the negligence of the defendant and its employee, the conjugal society formed by Mrs. Montalvo and Mr. Ramirez has incurred and will have to incur in unwanted expenses related to this accident and medical treatments.

23. Said expenses are reasonably estimated in a sum in excess of **TWENTY THOUSAND DOLLARS** ($20,000), a sum that is also owed by the defendant and its insurance company to the Ramirez Montalvo conjugal society.

## V. LIABILITY

25. The accident resulting in the serious, severe and permanent damages to Mrs. Montalvo and the damages caused to Mr. Ramirez and the Conjugal Society formed by both, was caused

by the exclusive fault and negligence of the Defendant and its employee.

26. Defendant and its employee failed to properly move merchandize inside the store, without taking proper precautions so as to not injure store patrons. They should have ensured that when moving merchandise, they should have ensured that they do such acts safely, and that at the very least they had a clear line of sight so that they would not injure store patrons while carrying boxes inside the store.

27. The defendant was lax in not ensuring that their store employees follow proper safety measures when transporting store merchandize in an area where store patrons are present.

28. The defendant and its store employee are thus responsible for all of the damages suffered by Mrs. Montalvo and Mr. Ramirez and the Ramirez Montalvo Conjugal Society because of said negligence.

29. As per the Civil Code of Puerto Rico of 2020, and in particular Article 1536, the defendant and its employees are responsible for the payment of all damages caused plaintiffs to suffer due to negligence.

30. Co defendant Chubb Insurance Company of Puerto Rico as per the terms and conditions of the insurance policy issued in

favor of the defendant, and Insurance Code contained in the Laws of Puerto Rico, is also directly responsible to compensate the plaintiffs for all damages suffered as a result of the accident described in this complaint due to the fault and negligence of the defendant and/or its employee.

31. Plaintiffs demand trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for plaintiffs, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 10th day of May, 2023.

**RIVERA-ASPINALL, GARRIGA**
**& FERNANDINI LAW FIRM**
Attorneys for Plaintiffs
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
Email: aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506